9615

DE LEON *ET AL.* v. DE LEON *ET AL.*

(91 S. E. 376.)

1. WILLS — CONSTRUCTION — VESTED REMAINDERS.—Testatrix's will provided that her estate be equally divided between her children, L. C. and I. D. M., wife of F. P. M., the share of I. D. M. being left to H. H. D. and L. C. in trust for her and her heirs forever, to be in no way liable for the debts of her present or any future husband, further providing that should she die without issue, her portion should revert to L. C., if alive, but, if he died before her, her portion to revert to testatrix's single sisters, "the interest to be divided between them until they all marry, then the principal to be equally divided between my sisters," except $500 to F. P. M. and $100 to each of testatrix's three godsons. *Held,* that it was testatrix's intention that the legacies or remainders bequeathed to the single sisters should become vested immediately upon testatrix's death, and that the words "my sisters" had reference to the single sisters, and should be construed in the

26—S.C.—106

sense of "my said sisters," such construction giving force and effect to all provisions.

2. Wills—Construction on Appeal—Parties Entitled to Benefit.— Parties to an action to construe a will, who did not appeal from the judgment, are not entitled to any benefit from the Supreme Court's construction of the will on appeal; they having been content to accept the shares accorded them under the will as construed by the Circuit Court.

3. Wills — Action to Construe — Harmless Error — Too Favorable Decree.—Appellants, in suit to construe a will, are not entitled to modification or reversal of the decree of the Circuit Court, which was more favorable to them than the law allowed.

Before Shipp, J., Sumter, ————, 1916. Affirmed.

Suit by Edwin W. De Leon and others against Perry M. De Leon and others. From the judgment, defendants appeal.

*Mr. H. A. Alexander,* for appellants, submits: *A limitation until marriage creates a life estate:* Coke Litt. 42a; 2d Blackstone Com. 121; 4 Kent Com. 26; 1 Hilliard on Real Property 100; 2 Fearne Remainders (10th ed.), sec. 35; 2 Minors Inst. 100; 1 Taylor on Landlord and Tenant, secs. 52, 53; 16 Cyc. 614; (Minn.) 21 L. R. A. (N. S.) 575; 119 N. W. 797; 38 Ohio St. 118; 5 Rand (Va). 574; 3 Wash. C. C. 498; Fed. Cas. 4, 974; 7 Pick. 169; 17 N. J. Eq. 356; 24 Wend. 201; 5 Denio 414; 70 N. W. 980; 85 S. C. 548; 29 S. C. 54; 32 S. C. 72; 74 S. C. 164. *Limitations the same for personalty as realty:* 16 S. C. 309. *Construction of technical terms:* 1 Rich. Eq. 396; 6 Rich. Eq. 36; 29 S. C. 466; 23 S. C. 385. *Statute of uses:* 78 S. C. 334. *Merger:* 16 S. C. 316, 329; 28 S. C. 486; 6 S. E. 305; 13 Am. St. Rep. 698; 47 S. C. 297, 305; 57 S. C. 182; 74 S. C. 42; 53 S. E. 978; 7 L. R. A. (N. S.) 433, and note. *Test as to nature of an executory devise:* 1 Fearne Remainders, p. 552; 1 Hill Ch. 311.

*Mr. I. C. Strauss,* for respondent, submits: *The reasoning and arguments of the master are immaterial. If his*

*conclusions and findings of law were correct, his reasoning or the process through which he arrived at such conclusions are immaterial:* 94 S. C. 115; 25 S. C. 525; 67 S. C. 481. *A proper construction of the will can only be reached through a construction of the entire instrument, and the intention of the testatrix must be inferred from within the four corners of the instrument itself:* 74 S. C. 167; 29 S. C. 466; 42 S. C. L. 407; 30 S. C. 191. *Vested, but defeasible interest:* Kales Real Property, sec. 22; Tiffany Real Property, p. 274. *Punctuation ignored:* 65 S. C. 390. *Postponement of enjoyment:* 1 S. C. L. 369; 102 Pa. 290; 1 L. R. A. 551; 1 Jarman, Wills 759; 4 Vesey Jr. 399; 1 Drury and Warren 337; 6 Ves. 239; 3 Vesey Jr. 363; 2 Brown Ch. Cases 3; 1 Hill Ch. 311; 1 Rich. Eq. 141; 2 DeS. 362, 369; 82 Atl. 693; 148 N. Y. S. 975; 85 Mass. 51; 92 N. Y. S. 177; 101 App. Div. 593; 77 N. E. 1198; 184 N. Y. 605; 9 N. J. Eq. 702; 50 N. J. Eq. 28; 8 Barber 537; 19 Tenn. 299; 33 Pa. Super. Ct. 622.

*Mr. H. A. Alexander,* in reply, submits: *A fee simple estate cannot be given to a person sui juris with an effectual restriction that the donee during his life should use only the income:* 24 A. and E. Encycl. of L. (2d ed.) 367; Schouler on Wills and Adm'n, pp. 291, 292; Gray's Restraints on Alienation, secs. 105-132; 45 Pa. 9; 84 Am. Dec. 470; 20 L. R. A., at p. 514, note; 113 Ga. 589; 114 Ga. 570; 6 N. Y. 467; 57 Am. Dec. 470; 29 Mich. 78; 18 Am. Rep. 61; 143 Indiana 248, at 286; 42 N. E. 623; 46 S. W. 586. *A trust created for the benefit of a person sui juris is immediately executed in the cestui que trust, who is vested at once by operation of law with the full legal title and the trust is terminated:* 25 S. C. 35; 11 S. C. 76; 28 S. C. 184.

February 10, 1917.

The opinion of the Court was delivered by Mr. Chief Justice Gary.

This appeal involves the construction of a will.  Miriam L. Cohen died in 1869, leaving of force her last will and testament, the second clause of which is as follows:

"I desire my estate equally divided between my children, Ludlow Cohen and Isabel D. Moses, wife of F. P. Moses, the share of Isabel D. Moses I leave to H. H. De Leon and Ludlow Cohen, in trust for her and her heirs forever, and to be in no way liable, for the debts of her present, or any future husband, and should she die without issue, then her portion to revert to Ludlow Cohen, should he be alive, but in case he dies before his sister, then her portion to revert to my single sisters, the interest to be divided between them until they all marry, then the principal to be equally divided between my sisters, except the sum of five hundred dollars I leave to F. P. Moses, also one hundred dollars to each of my godsons, De Leon Moses, Lawrence Seixas and Harmon De Leon, Jr."

The property in question is personalty.  Ludlow Cohen died in 1870, and prior to the death of his sister, Isabel D. Moses, who died shortly thereafter, leaving no issue.  At the time of her death and the death of the testatrix, there were four unmarried and two married sisters of the testatrix.  None of the sisters who were unmarried at that time ever married.  All questions of law and fact were referred to the master, who decided that the words "my sisters" meant "all my sisters," and that it was the intention of the testatrix to give the property to the married as well as the unmarried sisters, but that the unmarried sisters alone were entitled to the income during spinsterhood.  The appellants' attorney contends that the single sisters took life estates; that their right to take in remainder was dependent upon the condition that they married; that inasmuch as the period of division "among my sisters" was fixed at the termination of the particular estate, at which time there could not possibly be in existence any single sister, the words, "among my sisters," necessarily meant "among my married sisters."  He

concedes that the rights of the appellants are dependent upon the question whether the limitation to the single sisters was a vested or a contingent remainder. And that is the issue which we will proceed to determine.

In a note to Fearne on Rem. 552, the rule is thus stated:

"Where a testator bequeathes a legacy to a person, at a future time, and either gives him the intermediate interest, or directs it to be applied for his benefit, the Court there considers the disposition of the interest to be an indication of the testator's intention that the legatee should in all events, have the principal, and on this ground holds such legacies to be vested. In the late case of *Hanson* v. *Graham,* 6 Ves. Jr. 239, this doctrine and the cases on it are fully discussed."

Turning to the case of *Hanson* v. *Graham, supra,* we find that the Court quotes with approval the following language of Lord Mansfield, in 1 Burr. 228:

"Where an absolute property is given, and a particular interest in the meantime, as until the devisee shall come of age, etc., and when he shall come of age, etc., then to him, etc., the rule is that that shall not operate as a condition precedent, but is a description of the time, when the remainderman is to take in possession."

In a note to the case in 25 English Ruling Cases 609, the annotator thus succinctly and correctly states the other principles, announced in *Hanson* v. *Graham, supra:*

"A gift to a person 'when' he attains a certain age is *prima facie* contingent, but may be controlled by context to convey the intention to postpone payment, and not the vesting. So that, where the testator gave to each of his three grandchildren legacies of a certain sum of consols, 'when they should, respectively, attain their ages of 21 years, or days of marriage (with consent), which should first happen,' and directed the interest of the sums of consols to be laid out at discretion of the executors, for the benefit of his said grandchildren, till they should attain their respective

ages, etc., it was decided by Sir William Grant, M. R., that
the intention was to postpone the payment merely, and that,
although one of the grandchildren died at the age of 9 years,
her legacy had vested and went to her personal representa-
tive."

In *Booth* v. *Booth,* 4 Vesey Jr. 399, the testator, after
bequeathing certain specific legacies, gave the residue of his
estate to trustees, "upon trust to pay the dividends and pro-
duce thereof, as the same should, from time to time, become
due, equally between his great nieces, Phœbe Booth and
Ann Booth, until their respective marriages, and from and
immediately after their respective marriages to assign and
transfer their respective moieties or shares thereof unto
them respectively."   Phœbe died without having married.
The question was whether she had the power to dispose of
the property by will, which had been given to her by the tes-
tator.   It was held that the estate given to Phœbe vested
immediately, and passed under her will.

In distinguishing that case from *Batsford* v. *Kebbell,* 3
Vesey Jr. 363, the Master of the Rolls used this language:
"I think it is equivalent to saying, in trust for them, to
pay and dispose of the dividends and interest to them till
their respective marriages, and then to assign and transfer
the principal; for it is not merely a gift of the interest until
marriage, stopping there and after the marriage, a gift of
the principal; but it is impossible not to see that these words
are equivalent to a gift of the principal.   The testator con-
sidered it as given.   He speaks of it as their shares of the
residue.   The day of their marriage is the time at which
they are to be put in actual possession of their shares.   I
cannot construe this otherwise than an absolute gift of the
residue, qualified only thus, that until their marriage until
when I suppose he thought they would not want it, they
would not have the actual possession."

In the case of *Boone* v. *Sinkler,* 1 S. C. L. (1 Bay) 369, 1 Am. Dec. 622, there was a bequest of a sum of money to the testator's niece, to be paid to her one year after her marriage, and in the meantime to remain in the executor's hands, he paying interest on the same. It was held that the legacy was vested.

In the case of *Mackie* v. *Alston,* 2 S. C. Eq. (2 Desaus.) 362, the testator devised and bequeathed his residuary estate, both real and personal, to his daughter forever, when she should attain the age of 21 years or day of marriage, whichever should first happen. The Court said:

"The words he has used in the will and codicil are so strong as to show that the time the devise was to vest was annexed to the substance of the gift as to leave no room in the mind to doubt of his intention. The words 'when' and 'if' are not to be got over. The daughter was to have the estate 'when' she arrived at the age of 21, or was married. But 'if' she dies before the above mentioned periods, then the estate is devised over."

It will be observed that in the meantime the income was not given to his daughter. Furthermore the vesting of the estate in the daughter was dependent upon the contingency of her attaining the age of 21 years or marriage; and therefore the time when the estate was to become vested was annexed to the substance of the gift, and not to its subsequent possession.

The appellant's attorney relies strongly on the case of *Cole* v. *Creyon,* 10 S. C. Eq. (1 Hill Eq.) 311, 26 Am. Dec. 208, in support of the proposition that the interests of the single sisters were not vested but contingent. In that case the testator had a wife, but no children. He devised and bequeathed his entire estate to his wife for life, and at her death to his nephews and nieces, as follows:

"All the balance of said estate, real and personal, it is my will and desire, that it be equally divided between Henry and Elizabeth Cole's children, and Alexander Creyon;

* * * to be retained in the hands of my executors, * * * until the age of twenty-one years, or days of marriage, which shall first happen; then to be made over to them lawfully."

Chancellor Harper, who delivered the opinion of the Court, said:

"In the present case, I think it cannot be doubted that the remainder to the defendant, Creyon, was vested in interest immediately on the death of the testator. Fearne defines the fourth class of contingent remainders to be 'where the person to whom the remainder is limited is not yet ascertained, or not yet in being.' Certainly Alexander Creyon, named in the will, was a person ascertained and in being, and might have disposed of his remainder, or, if he had died during the continuance of the life estate, must have transmitted his interest to his representatives. But who the children of Elizabeth Cole should be at the death of testator's widow was uncertain and unascertained. It might have happened that all the children living at the time of the testator's death had died and others had been born before the termination of the life estate. * * * I think it, however, the more natural import of the words, when the bequest is to children at the death of the tenant for life, that those who then answer the description of children should be meant. * * * According to the construction we have made, one moiety is given to the defendant severally. To this he will be entitled when he attains the age of 21. The other moiety is given to the complainants as a class. This they will be entitled to distribute among the children then *in esse,* when the eldest shall attain the age of 21."

It will be noted that in the meantime the income was not given to the nephew and nieces, yet the Court held that the remainder to Alexander Creyon was vested in interest immediately on the death of 'the testator, by reason of the fact that he was at that time a person ascertained and in being, and that, although his interest was vested at once, the right

to the possession thereof was postponed until he was 21 years of age. The remainders to the children of Elizabeth Cole were held to be contingent, not because of uncertainty in the event, upon which they were to be entitled to their shares, but because, "who the children of Elizabeth Cole should be, at the death of testator's widow, was uncertain and unascertained." There is no such difficulty in the present case, and the same principle that required the Court to construe the remainder to Alexander Creyon as vested is applicable to this case. The case of *Cole* v. *Creyon, supra,* instead of sustaining the argument of the appellants' attorney, is in harmony with the other authorities we have hereinbefore discussed.

Our conclusions are that it was the intention of the testatrix that the legacies bequeathed to the single sisters should become vested immediately upon her death; that the words "my sisters" have reference to the single sisters, and are to be construed in the sense of "my said sisters;" that the foregoing construction gives force and effect to all the provisions of the will, whereas any other interpretation would be inconsistent with the intention of the testator.

The parties to the action who did not appeal are not, however, entitled to any benefit from the foregoing construction of the will, for the reason that they were content to accept the shares accorded them under the will as construed by the Circuit Court, and took no steps to reverse or modify the decree of that Court. Nor are the appellants entitled to a modification or reversal of the decree for the reason that it was not prejudicial to their rights, as it was more favorable to them than the law allowed. *Shell* v. *Young,* 32 S. C. 462, 11 S. E. 299.

Judgment affirmed.

Messrs. Justices Watts, Fraser and Gage concur in the opinion of the Court.

Mr. Justice Hydrick did not hear the argument or participate in the decision of this case.